S. A. SLOMAN, PLAINTIFF IN ERROR, V. F. P. BODWELL ET AL., DEFENDANTS IN ERROR.

Commissions of Real Estate Agent. Upon the facts proved, *Held*, That the plaintiff, a real estate agent, had failed to procure a purchaser for the defendant's property, and therefore was not entitled to a commission.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*J. P. Breen*, for plaintiff in error.

*Parke Godwin*, for defendants in error.

MAXWELL, J.

In the year 1885 the plaintiff was a real estate agent in the city of Omaha, and the defendants, who are husband and wife, were at that time possessed of certain real estate in that city which they desired to sell.

The plaintiff addressed a letter to them making inquiries in regard to the defendants' property, and the price of the same.

In answer to this letter Mr. F. P. Bodwell, the husband, wrote to the plaintiff:

"I offer for sale residence and two lots so. e. cor. 11th and Martha Sts. Has good barn, coal house, and pump and rain water in the kitchen of house, which is finely finished inside and out. Lots have 132 ft. frontage on 11th and 148 ft. on Martha St. Fine large shade trees, and all in good shape. For the whole $6,500, and can take $2,500 cash, and three years or more time for balance, etc."

The plaintiff upon receiving the defendants' proposition wrote to him that he would not purchase the property himself, but if he so desired he would place the property on his books and endeavor to sell it for him. To this proposition the defendant answered in substance that the property was already in the hands of a real estate agent for sale. He could not give him the exclusive right to sell the same, but as the agent was making but little effort to sell the property, therefore if the plaintiff could find a purchaser he might do so. The plaintiff seems to have been active in the matter, and a few days afterwards took a Mr. Morgan to see the premises. Both the plaintiff and Mr. Morgan examined the premises twice, and afterwards

an agreement was entered into between Morgan and the defendants for the sale of the "west half of lot three, block one, S. E. Rogers addition (132x148) price $6,500. Terms $2,500 cash, balance on or before 1, 2, 3, and 4 years at 8 per cent." There was also a provision for Morgan to pay $100 cash in hand, and that the defendants should finish certain rooms. At a time agreed upon, Mr. Morgan, plaintiff, and defendants went to the office of Byron Reed to execute a deed and mortgage and notes for the unpaid purchase money. While there Mr. Morgan claims to have discovered for the first time that the lot was not 148 feet in length, but only $142\frac{1}{2}$ feet. The exact measurement of the half lot appears to be 132x144 feet. Mr. Morgan refused to take the property unless a deduction of $500 was made in the price. This the defendants refused to make, and upon Morgan refusing to complete the contract they returned the $100 paid by him to them when the contract was entered into. They also paid the plaintiff the cost of the abstract. The plaintiff claims that the sale to Morgan failed solely because the defendants had misrepresented the size of the half lot, and therefore he sues for his commission. On the trial of the cause the jury found for the defendants, and judgment was entered on the verdict dismissing the action.

The facts as shown by the evidence are substantially as stated above, there being but little conflict in the testimony, except upon one point, viz., the boundaries of the lot.

Mrs. E. Bodwell, one of the defendants, testifies that Morgan and the plaintiff came to her house before the sale to examine the property, and that she "showed them over the place. I knew the lines of the lot, and knew it was W $\frac{1}{2}$ of lot 3, block 1 of S. E. Rogers' addition. I showed them all over the lot, and how far it extended in every direction. I showed them how far the lot went back, and where the stakes were, so that they could see the lines, as there was no fence between our place and Mr. Black's."

The plaintiff and Morgan admit that Mrs. Bodwell showed the premises to them, but deny that she pointed out the lines to them. This matter, therefore, became a question for a jury. Mr. Morgan seems to have been very particular in all matters relating to the contract, and a very reasonable inference to be drawn from his conduct in other respects is, that he well knew the exact measurement of the lot before he purchased the same; and the jury would be justified in so finding. Morgan, therefore, seems to have declined to complete his purchase without any valid excuse, and there was a failure on the part of the plaintiff to procure a purchaser for the property in question. The judgment, therefore, is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.